MARY DUKE BIDDLE, PETITIONER, v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

GEORGE W. ELKINS, PETITIONER, v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

LESLIE H. REED, PETITIONER, v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

STATE-PLANTERS BANK AND TRUST COMPANY, ADMINISTRATOR D. B. N. C. T. A., ESTATE OF MARIE COOKE HICKEY, DECEASED, PETITIONER, v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

STATE-PLANTERS BANK AND TRUST COMPANY, EXECUTOR, ESTATE OF JAMES J. HICKEY, DECEASED, PETITIONER, v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 62025, 75742, 75812, 75849, 75852.

Promulgated September 30, 1935.

*Forrest Hyde, Esq., F. J. Daniels, Esq., W. R. Spofford, Esq.,* and *R. E. Cabell, Esq.,* for the petitioners.
*Dean P. Kimball, Esq.,* and *H. B. Linton, Esq.,* for the respondent.
*Albert L. Hopkins, Esq.,* as amicus curiae.

OPINION.

SMITH: These cases, consolidated for hearing, involve deficiencies in income tax for the years and in the amounts as follows:

| Petitioner | Docket No. | Year | Deficiency |
|---|---|---|---|
| Mary Duke Biddle | 62025 | 1929 | $189,222.25 |
| George W. Elkins | 75742 | 1931 | 4,259.94 |
| Leslie H. Reed | 75812 | 1931 | 15,667.97 |
| State-Planters Bank and Trust Co., Administrator | 75849 | 1931 | 145.00 |
| State-Planters Bank and Trust Co., Executor | 75852 | 1931 | 3,562.70 |

The issues raised by the pleadings in the case of Mary Duke Biddle, Docket No. 62025, were settled by the parties prior to the hearing, except as noted below, and were disposed of by stipulation of counsel filed at the hearing as a part of the record in these proceed-

ings. In the deficiency notice issued to Mary Duke Biddle a portion of the amount of United Kingdom income tax " appropriate " to the dividends received by her from United Kingdom corporations was allowed by the respondent as a credit against her income tax due the United States and the balance not available as a credit was allowed as a deduction. The respondent now alleges error in allowing such credit. The stipulation entered into by the parties in the determination of the tax liability for 1929 provides:

(3) That there be reserved for determination by the United States Board of Tax Appeals the question of whether (1) all or any portion of the sum of $47,380.27, alleged to have been paid by Petitioner as income taxes to Great Britain, should be allowed as a credit on Federal Income Taxes and the balance thereof deducted from gross income, or (2) the whole of said amount should be excluded from gross income.

In all of the other cases the respondent has disallowed the petitioners' claims for credit against Federal income taxes of United Kingdom income taxes " appropriate " to the dividends received.

At the hearing of these proceedings counsel for the respondent conceded that the amounts of surtaxes (additional income taxes) paid by the petitioners directly to the Crown were proper credits against the income taxes due the United States and that the disallowance of such credits was improper.

The same question is presented in each case, namely, whether under section 131 of the Revenue Act of 1928 all or any portion of the amounts of United Kingdom income tax " appropriate " to the dividends paid to the petitioners by the United Kingdom corporations should be allowed as a credit against Federal income taxes and the balance thereof not available as a credit deducted from gross income under section 23 (c) of the Revenue Act of 1928, as contended by the petitioners, or the whole of said amount of tax " appropriate " to said dividends should be excluded from gross income, as contended by the respondent.

The evidence before the Board in these proceedings consists of an agreed statement of facts in each case, certain documentary evidence, and the testimony of Frank Heyworth Talbot, barrister, of London, England, an authority on British income tax law, who was introduced by the petitioners.

The agreed stipulation of facts in each case is adopted as a part of our findings by reference.

During the taxable years all the petitioners were citizens and residents of the United States and were owners of shares of stock in corporations organized under the laws of Great Britain and Ireland. During the years involved those corporations declared and paid dividends on their shares of stock. The Tobacco Securities Trust

Co., Ltd., declared its dividends, so far as the record shows, less British or United Kingdom income taxes. Although the dividend declarations are not in evidence, it appears that the dividends were declared in gross amount, from which were deducted United Kingdom income taxes " appropriate " thereto, and checks for the balance were sent to the stockholders. The British-American Tobacco Co., Ltd., and Imperial Tobacco Co. of Great Britain and Ireland declared their dividends " free of income tax." A dividend declared by a United Kingdom corporation " free of income tax " is in substance and effect a dividend of such gross amount as after the deduction of income tax at the rate " appropriate " thereto amounts to the net sum actually paid to the stockholder. All of the dividend checks transmitted by the respective companies to their stockholders were accompanied by statements which indicated on their face the amount of United Kingdom income tax " appropriate " to the dividend paid to each stockholder.

All of the petitioners kept their books of account and made their income tax returns upon the cash receipts and disbursements basis. Petitioners reported in their respective returns as " dividends from foreign corporations" the amounts actually received from dividend-paying corporations plus the amounts of United Kingdom income taxes " appropriate " thereto. Thereafter an income tax was calculated on net income before taking any credit or deduction for foreign taxes paid. The amount of the credit was then computed by applying the ratio which the foreign net income bore to the total net income to the provisional tax in order to determine the portion of foreign taxes allowable as a credit. After ascertaining the proper credit for foreign taxes, Federal net income was finally computed by deducting from gross income the balance of foreign taxes not allowable as a credit. Petitioners claimed the credit as determined aforesaid against Federal income tax and in support of their claims filed certain documents received from the dividend-paying corporations. The respondent has disallowed the credits claimed (except as indicated above in the case of Mary Duke Biddle) in the determination of the deficiencies.

Income taxes have been continuously in force in the United Kingdom of Great Britain and Ireland since 1842. In 1918 various acts and amendments thereto then in force were consolidated in the Income Tax Act of 1918. The Act of 1918 is continued in force from year to year by the annual finance acts. Some of the provisions of these finance acts have modified the basic Income Tax Act of 1918.

In general the English income tax acts are based upon the principle of collection of tax at the source. The income tax is imposed

at a standard rate. The person or corporation paying certain determinable income is required to pay over to the Crown income tax at the standard rate and the balance is paid to the one entitled to receive the income. Thus, a lessee pays to the Crown income tax at the standard rate upon the rental to be paid by him and only the balance is paid over to the landlord; a corporation paying interest upon its bonds likewise deducts from the interest payable to the bondholder income tax at the standard rate which it pays to the Crown and only the balance is paid over to the bondholder.

Rule 1 of the General Rules made a part of the Income Tax Act of 1918 applicable to schedule D provides that tax under that schedule (which is a tax upon a particular type of income, including among other things the profits of a business) shall be levied and paid by the individuals or bodies of persons receiving or entitled to receive the income which is the subject matter of the tax under that schedule.

Section 237 of the act defines a " body of persons " to mean " any body politic, corporate, or collegiate, and any company, fraternity, fellowship and society of persons, whether corporate or not corporate." The various types and kinds of income that are taxed are enumerated in schedules A to E, inclusive, of the first schedule of the 1918 Act. Section 1 of part (1) of the act provides that when any finance act levies income tax for any year at any rate the income which is so taxed shall be that which is described in schedules A to E, inclusive.

Rule 20 of the General Rules applicable to schedules A to E provides as follows:

The profits or gains to be charged on any body of persons shall be computed in accordance with the provisions of this Act on the full amount of the same before any dividend thereof is made in respect of any share, right or title thereto, and the body of persons paying such dividends shall be entitled to deduct the tax appropriate thereto.

A United Kingdom corporation pays income tax upon its gains and profits whether a dividend is paid within the taxable year or not. The balance of the profits not taken as a tax may be added to the corporation's surplus, utilized for betterments or improvements, or paid out in dividends. The undistributed profits of one year may be distributed in a subsequent year. The standard rate of tax in the subsequent year may be different from the standard rate in effect when the profits were earned by the corporation. The British income tax acts provide that wherever a dividend is paid the recipient thereof shall be advised of the rate and amount of tax " appropriate " to the dividend. Such rate is that which is in effect at the time the dividend is paid. The stockholder receiving the dividend is regarded by the English income tax acts as having paid " by de-

duction or otherwise" the tax "appropriate" to the dividend. The stockholder is not required to pay any income tax at the standard rate upon the amount of cash distributed to him by the corporation. He may, however, be subject to a surtax, and in making his surtax return the stockholder is required to include in his gross income not only the amount of the distribution received from the corporation but that amount plus the tax "appropriate" thereto. On the other hand, the stockholder receiving the dividend may not, by reason of exemptions and relief provisions of the income tax acts, be required to pay the full amount of the tax represented by the tax "appropriate" to the dividend. In such case the stockholder is entitled to file a claim for refund with the English authorities and upon the proof of claim is entitled to recover a part or all of the tax "appropriate" to the dividend.

The British income tax acts in force in the taxable years further provide that the corporation in paying the dividend may deduct from the dividend the tax "appropriate" thereto. Thus, where the earnings of a corporation in a given year amount to £1,000 and the standard rate of income tax is 25 percent, the corporation pays to the Crown a tax of £250 and has left £750 to distribute to its stockholders. It may declare a dividend in the gross amount of £1,000 "less income tax", in which event the stockholders receive £750. On the other hand, it may declare a dividend "free of income tax", in which event the dividend is declared in the amount of £750 and the stockholders receive £750. In either case the stockholders are regarded as having paid an aggregate income tax of £250 in respect of the dividends received by them. This is by virtue of section 32, subsection (2) of the British Income Tax Act of 1918, which provides in part as follows: "If any such person is charged to tax under any Schedule and has paid that tax, or *has paid* or *has been charged with tax by deduction or otherwise*, he shall, on a claim being made to the special commissioners, and on production  *  *  *" be entitled to relief. (Italics supplied.)

The petitioners' expert witness, Talbot, stated unequivocally that under the English income tax acts and in their administration a stockholder receiving a dividend from a corporation is regarded as having paid the amount of tax "appropriate" to the dividend.

The question before us in these proceedings is, first, whether under the Federal income tax acts the petitioners are required to include in their gross income not only the amounts actually received by them as dividends from United Kingdom corporations, but in addition thereto the amount of tax "appropriate" to those dividends which the United Kingdom income tax acts regard as having been paid by the stockholders, and. secondly, whether the petitioners are entitled

to a credit against their Federal income taxes of any portion of the amounts " appropriate " to the dividends received by them from United Kingdom corporations.

Ordinarily a taxpayer on a cash receipts and disbursements basis is required to include in gross income only the cash or value of property which comes into his ownership or control. The requirement of the statute that persons keeping their books of account and making their returns on a cash receipts and disbursements basis must be construed according to its usual acceptation. *Avery* v. *Commissioner*, 292 U. S. 210.

Section 22 (a) of the Revenue Act of 1928 provides that " gross income " includes " gains, profits, and income derived from * * * dividends."

Section 115 of the same act defines a " dividend " to mean " any distribution made by a corporation to its shareholders, whether in money or in other property, out of its earnings or profits accumulated after February 28, 1913."

Regardless of any provision of the United Kingdom income tax acts or any practice thereunder, we think it clear that the only amounts distributed by a United Kingdom corporation within the meaning of section 115 are the amounts of money paid over to and received by the stockholders. If, in truth, the stockholder owed United Kingdom income tax at the standard rate in respect of the dividend received, it might be argued that the word " distributed " as used in section 112 had application not only to the amount of cash paid to the stockholder but the amount of his liability in respect of the dividend paid by the corporation from which he received the dividend. But, as shown below, a stockholder has no liability for income tax at the standard rate upon dividends received by him.

We are furthermore of the opinion that the amount of income derived by any one of the petitioners from the United Kingdom corporations was the amount of cash actually received by them. This we think follows from *Avery* v. *Commissioner, supra.* We, therefore, are of the opinion that the respondent did not err in excluding from the petitioners' gross incomes the amounts of tax " appropriate " to the dividends under the provisions of the English income tax acts.

The second question, which we think is dependent upon the first, is as to whether the petitioners are entitled, under section 131 of the Revenue Act of 1928, to credits against their Federal income taxes of the amounts of United Kingdom income tax " appropriate " to the dividends. Section 131 of the Revenue Act of 1928 provides as follows:

SEC. 131. TAXES OF FOREIGN COUNTRIES AND POSSESSIONS OF UNITED STATES.

(a) *Allowance of credit.*—The tax imposed by this title shall be credited with:

(1) CITIZEN AND DOMESTIC CORPORATION.—In the case of a citizen of the United States and of a domestic corporation, the amount of any income, war-profits, and excess-profits taxes paid or accrued during the taxable year to any foreign country or to any possession of the United States; and

\* \* \* \* \* \* \* \*

(b) *Limit on credit.*—In no case shall the amount of credit taken under this section exceed the same proportion of the tax (computed on the basis of the taxpayer's net income without the deduction of any income, war-profits, or excess-profits tax any part of which may be allowed to him as a credit by this section), against which such credit is taken, which the taxpayer's net income (computed without the deduction of any such income, war-profits, or excess-profits tax) from sources without the United States bears to his entire net income (computed without such deduction) for the same taxable year.

In *Welch* v. *St. Helens Petroleum Co., Ltd.,* 78 Fed. (2d) 631, it was held that under section 234 of the Revenue Act of 1921 a foreign corporation with income from sources within the United States is entitled to deduct any income tax paid to Great Britain even though it is entitled to deduct such foreign taxes under the laws of Great Britain from the dividends paid its stockholders. In other words, the court held that the income tax paid by a United Kingdom corporation to the Crown was an income tax for which it alone was liable; that it did not pay the tax as agent for the stockholders; and that its right to reimbursement afforded by the United Kingdom income tax acts did not prevent it from deducting from gross income in determining the amount of the Federal income tax the full amount of the tax paid to the Crown. Although that case did not cover income taxes due the United States for the years 1929 and 1931, we have been unable to find any provision of the United Kingdom income tax acts or Federal income tax acts that would show the inapplicability of that ruling to the tax years before us.

The petitioners' witness, Talbot, made no contention that the income tax paid by the United Kingdom corporation was paid as agent for its stockholders. The decisions of the British courts are to the contrary.

In *Welch* v. *St. Helens Petroleum Co., Ltd., supra,* the Circuit Court of Appeals for the Ninth Circuit stated:

In a recent tax case before the House of Lords, (*Neumann* v. *Commissioners of Inland Revenue,* (K. B.) 49 T. L. R. 1, (C. A. 1933) 1 K. B. 728, and (H. L. 1934) A. C. 215) the relation of the stockholder to a tax paid by a corporation and subsequently deducted from a dividend paid to him was considered. In discussing the case Lord Wright said:

The shareholder and the company are no doubt separate entities; the company is not an agent for the shareholder to pay tax on the dividend, nor is the company the collector for the Revenue to deduct the tax from the dividend. The company is the taxpayer. The shareholder has no right to any share in the profits till a dividend is declared; the company may use the profits in any way it pleases vis-a-vis any shareholder; it may put them to reserve or capitalize them or use them for extensions or improvements; the profits declared and paid as dividends in one year may have been made in previous years when the standard rate of tax was different; it is only very rarely and in exceptional cases that dividends are paid out of any particular source of profit; usually they are paid out of the general revenue fund of the company. What is essential to the requirements of the Inland Revenue is that all the profits of the company should be taxed and if that is done the Revenue is not concerned with what is done with these profits. The company is not bound but only authorized to deduct tax in paying dividends; whether it deducts or not is left to its discretion because the profits once having been taxed in the company's hands, do not bear further tax (apart from surtax) in the shareholders' hands. There is in fact only one profit, no new profit being created from the fact that the shareholder gets his share: the tax is a tax on the profits and not on the dividend. But if tax is deducted from the dividend the Acts have provided that it is to be at the standard rate of tax of the year of the dividend, in order to avoid obvious difficulties which might arise because profits divided in one year may have been earned in other years.

Lord Tomlin, in the same case, states: " Now I may say at once that, having regard to the view which I have expressed as to the general scheme and operation of the Income Tax Acts in regard to dividends, I am unable to accept the view that dividends as such are taxable under Sch. D. I do not think they are. I think it is accurate to say as Rowlatt, J. said in *Purdie* v. *The King* (1) : ' There is, strictly speaking, no tax upon dividends at all.' They are, however, under r. 20 of the General Rules and s. 39 of the Finance Act, 1927, and apart altogether from s. 7 of the Finance Act, 1931, liable, where the dividends are made out of profits or gains charged on the Company, to suffer deduction of a sum equal to tax at the standard rate on the gross amount of the dividends, and in such cases the gross amount of the dividend is the income tax income to be taken into account whether it be for computing the amount of tax which the shareholder is entitled to have returned or for fixing his liability to surtax." The order proposed by Lord Tomlin, concurred in by Lord Wright and Lord Warrington of Clyffe, was adopted by the House of Lords.

The above cited case in our opinion is authority for the statement that the United Kingdom income tax acts impose no tax upon the payment of a dividend; that the stockholder has no liability to United Kingdom income tax at the standard rate in respect of the dividend received by him. It can not therefore be said that when a United Kingdom corporation pays income tax to the Crown it pays a tax for the stockholder or discharges any obligation resting on the stockholder. In making the payment the corporation simply discharges its obligation to pay United Kingdom income tax.

The action of the respondent in denying credit to the petitioners of any amount representing United Kingdom income tax " appropriate " to the dividends received by them is approved.

In *Basil Robillard, Executor*, 20 B. T. A. 685, we said:

On final determination under Rule 50, petitioner should be allowed credit against the tax of income taxes paid to the British Government by the Spirella Co. of Great Britain on dividends disbursed direct to petitioner's decedent, as a stockholder in the Spirella Co. of Great Britain, and as a life tenant of the stock owned by the estate of her deceased husband, Marcus M. Beeman.

This can not be taken as the opinion of this Board that a citizen of the United States, a stockholder of a United Kingdom corporation, is entitled to a credit of United Kingdom income tax " appropriate " to the dividend received. The ruling made by the Board in the above cited case was merely for the purpose of carrying into effect a stipulation of the parties litigant in that case.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*