HOUSEHOLD FINANCE CORPORATION, Respondent, vs. DEPARTMENT OF TAXATION, Appellant.

*January 7—February 5, 1952.*

For the appellant there was a brief by the *Attorney General* and *Harold H. Persons,* assistant attorney general, and oral argument by *Mr. Persons.*

For the respondent there was a brief by *Thomas, Orr, Isaksen & Werner* of Madison, attorneys, and *Hubachek & Kelly* of Chicago, Illinois, of counsel, and oral argument by *San W. Orr.*

BROADFOOT, J.   The Wisconsin privilege dividend tax law (now sec. 71.16, Stats.) was enacted in 1935, and by its terms a tax was levied upon the privilege of declaring and receiving dividends out of income derived from property located and business transacted in this state. The law provides that the tax shall be deducted and withheld from such dividends by the payor corporation.

The respondent is a foreign corporation licensed to operate in Wisconsin, and does business here and in many other states. After the passage of the law, the respondent, upon advice of counsel that the law was unconstitutional so far

as it applied to foreign corporations, did not pay the tax upon dividends declared and paid, and did not withhold the amount of the tax from the dividends paid to its stockholders. After the law was held to be constitutional by the United States supreme court (*Wisconsin v. J. C. Penney Co.* 311 U. S. 435, 61 Sup. Ct. 246, 85 L. Ed. 267), the respondent paid the accumulated tax for the years through 1944 in the sum of $77,101.18. That payment was made in 1944. In 1945, 1946, and 1947 the corporation paid additional privilege dividend taxes without withholding the same from the dividends declared and paid to its stockholders, but it deducted the same as ordinary and necessary business expense in computing its Wisconsin income taxes.

The respondent concedes that privilege dividend taxes paid by it to the state cannot be deducted as taxes paid under sec. 71.04 (3), Stats., and it further concedes that if the privilege dividend taxes paid by it had been paid for the purpose of paying an extra dividend to its stockholders it would not be entitled to claim such payments as ordinary and necessary business expense. Thus the sole question to be determined in this case is as follows: Are privilege dividend taxes, paid by a corporation from corporate funds of the corporation and not withheld from stockholders, deductible by the corporation as an ordinary and necessary business expense in the computation of its state income tax?

The respondent contended before the board of tax appeals and the circuit court that if it had withheld the privilege dividend taxes from dividends paid to its stockholders, the expense of computing and withholding the same would have exceeded the amount of taxes paid. It contended that it would be impossible to determine the exact amount of taxes to be withheld at the time of declaring and paying dividends as the final figures could not be determined until the returns

had been audited by the Department of Taxation; that overpayment of the tax would result in the necessity of making refunds to stockholders; and that the effect thereof would be harmful to its relations with its stockholders and would adversely affect the sale of its stock to the public.

The record was devoted almost entirely to estimates of the certain and uncertain expense that would have been incurred by the respondent if it had withheld the taxes from the dividends paid to its stockholders.

The board of tax appeals found, among other things, that the certain expense of withholding the privilege dividend tax from dividend checks would not have exceeded the amount of the privilege dividend tax so paid, and that the certain and uncertain expense of withholding said tax would have exceeded the privilege dividend tax so paid. The circuit court reversed the finding that the certain expense of withholding the tax would not have exceeded the amount of the privilege dividend tax so paid and affirmed the other findings of the board.

These findings and the testimony offered to show the certain and uncertain expenses are wholly immaterial. The wisdom of a tax and the deductions that can be made in computing taxes are wholly within the province of the legislature. If a statute is valid, it is the duty of the court to apply it. The respondent is asking that the clear language of the statute be disregarded and that upon equitable principles it be allowed to deduct the privilege dividend taxes which it paid, because if it had withheld the amount of such taxes from the stockholders the estimated cost or expense of doing so would exceed the amount of taxes paid. The fact remains, however, that the corporation did not incur any expense in deducting and withholding the taxes, and the clear wording of the statute requires rejection of its contention.

Rule 175 of the Wisconsin Department of Taxation provides that privilege dividend taxes paid by a corporation are not deductible for income-tax purposes. That rule has been published in the Wisconsin Red Book, Administrative Rules and Orders, since 1942, and that was the position of the Department of Taxation from the date of the enactment of the Privilege Dividend Tax Law. The legislature has not seen fit to change this rule and this court recognized it in the case of *Wisconsin G. & E. Co. v. Department of Taxation,* 243 Wis. 216, 220, 10 N. W. (2d) 140, in which the following statement was made:

"We are certain of three things: (1) That the burden of the tax is specifically laid upon the stockholder; (2) that the corporation declaring the dividend must deduct the tax from the dividend and may not under any circumstances treat the tax as a necessary expense of doing business; (3) that the power to levy the tax so construed was authoritatively established in the *Penney Case, supra.*"

The respondent contends that the statement is dicta. It is apparent that the circuit judge held the same view. The question was directly raised in that case and the statement was deliberately made after this court had thoroughly studied the Privilege Dividend Tax Law in several cases decided by it. It clearly states the law, and we repeat here that a corporation paying a dividend tax from its own funds may not treat the tax as an ordinary and necessary expense in computing its income tax.

*By the Court.*—Judgment reversed and cause remanded with directions to enter a judgment consistent with this opinion.