Defendant's motion to strike the reply should be over-ruled.

The plaintiff is entitled to condemn the land in question.

The plaintiff is entitled to judgment in condemnation.

The option contract is a valid agreement.

The appointment of Commissioners should be dispensed with.

The compensation should be fixed at $4,500, the amount agreed upon in the option contract.

Judgment accordingly may be tendered for approval, signature and entry.

### WISCONSIN GAS & ELECTRIC CO. v. UNITED STATES.

Civ. A. No. 468.

District Court, E. D. Wisconsin.

Sept. 25, 1942.

James D. Shaw and Van B. Wake, both of Milwaukee, Wis., for plaintiff.

B. J. Husting, U. S. Dist. Atty., of Milwaukee, Wis., and Samuel O. Clark, Jr., Asst. Atty. Gen., and Andrew D. Sharpe and Robert R. Reynolds, Jr., Sp. Assts. to Atty. Gen., for defendant.

DUFFY, District Judge.

Plaintiff is a Wisconsin corporation. During the year 1935, as a result of declaration of dividends during that year, plaintiff paid to the State of Wisconsin the sum of $3,750 as privilege dividend taxes. In

computing its federal income tax for that year, plaintiff sought to claim such payment as a deduction allowed under Sec. 23 (c) of the Revenue Act of 1934, 26 U.S.C.A. Int.Rev.Code § 23(c), but the claim was disallowed. A claim for refund was timely made and was rejected by the Commissioner.

The Wisconsin privilege dividend tax is imposed by Sec. 3 of Chapter 505, Laws of Wisconsin for 1935, as amended. The tax is computed at a percentage of the dividends declared and paid out of corporate earnings derived from property located and business transacted in Wisconsin. The act states the tax is imposed "for the privilege of declaring and receiving dividends, out of income derived from property located and business transacted in this state."

Sec. 23, Revenue Act of 1934, c. 277, 48 Stat. 680, provided:

"§ 23. *Deductions from gross income.*
"In computing net income there shall be allowed as deductions:
\* \* \*
"(c) *Taxes generally.* Taxes paid or accrued within the taxable year, except \* \* \*."

(The exceptions have no application here.)

The question to be decided is whether the plaintiff corporation is entitled to a deduction from its gross income for the year 1935 for the amount of the privilege dividend tax paid to the State of Wisconsin during the taxable year. The government contends that the tax was imposed on the shareholders of the corporation for dividends received, and that the corporation was merely a withholding or collecting agent. While admitting that the statute made the corporation liable for the collection of the tax, the government contends that this was only to insure and simplify tax collections.

The validity of the Wisconsin privilege dividend tax was challenged and the Wisconsin Supreme Court in J. C. Penney Co. v. Tax Commission, 233 Wis. 286, 289 N.W. 677, 126 A.L.R. 1333, held that the tax was an excise tax and invalid in respect to foreign corporations exercising the dividend privileges outside of the State of Wisconsin, notwithstanding the transaction of business, the earning of income, and the presence of stockholders within the State of Wisconsin. On appeal to the United States Supreme Court, the Wisconsin court was reversed. Wisconsin et al. v. J. C. Penney Co., 311 U.S. 435, 61 S.Ct. 246, 85 L. Ed. 267, 130 A.L.R. 1229. The court divided, five to four, the majority opinion being written by Justice Frankfurter. The contention made by the government here that the tax was on the stockholders received support in the dissenting opinion by Justice Roberts, who said at page 448 of 311 U. S., at page 252 of 61 S.Ct.: " \* \* \* By the very terms of the Act, the tax is laid not on the corporation but on the stockholder receiving the dividend and, by confession, thousands of such stockholders are not residents of Wisconsin. The corporation is the mere collector of the tax and the penalty for failure to collect it is that the corporation must pay it. If the exaction is an income tax in any sense it is such upon the stockholder and is obviously bad. It cannot, except by a perversion of the term and the affixing of an arbitrary label, be denominated a tax upon the income of the respondent."

We would be strongly inclined to agree with the opinion expressed by the minority, but are bound to follow the conclusion of the majority opinion, which states at page 442 of 311 U. S., at page 248 of 61 S.Ct.: " \* \* \* The practical operation of this legislation is to impose an additional tax on corporate earnings within Wisconsin but to postpone the liability for this tax until such earnings are paid out in dividends. In a word, by its general income tax Wisconsin taxes corporate income that is taken in; by the Privilege Dividend Tax of 1935 Wisconsin superimposed upon this income tax a tax on corporate income that is paid out."

These words of the majority opinion cannot be lightly brushed aside. On this point there was a direct and emphatic conflict with the viewpoint of the minority. If the Wisconsin privilege dividend tax "is to impose an additional tax on corporate earnings," and if "by the Privilege Dividend Tax of 1935 Wisconsin superimposed upon this income tax a tax on corporate income that is paid out," then there can be little doubt but that the majority of the Supreme Court held the tax to be on the corporation and not upon the shareholders. It is apparent that the validity of the tax was upheld on that basis.

This court is bound by the United States Supreme Court decision in the Penney case, supra, and it therefore follows that judgment must go for the plaintiff.