WISCONSIN GAS & ELECTRIC COMPANY, Appellant, vs. DEPARTMENT OF TAXATION, Respondent.

WISCONSIN ELECTRIC POWER COMPANY, Appellant, vs. SAME, Respondent.

WISCONSIN MICHIGAN POWER COMPANY, Appellant, vs. SAME, Respondent.

THE MILWAUKEE ELECTRIC RAILWAY & LIGHT COMPANY, Appellant, vs. SAME, Respondent.

*February 12—June 16, 1943.*

For the appellants there were briefs by *Shaw, Muskat & Paulsen* of Milwaukee, and oral argument by *James D. Shaw.*

For the respondent there was a brief by the *Attorney General* and *Harold H. Persons,* assistant attorney general, and oral argument by *Mr. Persons.*

A brief was also filed by *Stroud, Stebbins & Wingert,* and *Ela, Christianson & Ela,* and *Thomas, Orr & Isaksen,* all of Madison, as *amici curiæ.*

WICKHEM, J. The taxpayers are public-service corporations. The privilege dividend tax involved in this case has to do with the income year 1936 in the case of the Milwaukee Electric Railway & Light Company, Wisconsin Electric Power Company, Wisconsin Gas & Electric Company, and that of 1938 of the Wisconsin Michigan Power Company. The situation in respect of the first three companies named is different from that of the last in that the first three companies withheld the privilege dividend tax from the shareholders, whereas Wisconsin Michigan Power Company paid out the dividends and absorbed the tax itself. The contention of the taxpayers is that privilege dividend taxes are deductible from gross income because they are taxes on necessary business and corporate activities. Sec. 71.03 (4), Stats., authorizes the following deductions from the gross income of the corporation:

"Taxes other than special improvement taxes paid during the year upon the business or property from which the income tax is derived, including therein taxes imposed by the state of Wisconsin and the government of the United States as income, excess or war profits and capital stock taxes. . . ."

Art. 507, regulations of the tax commission, provides:

"In general, only taxes, other than special improvement taxes, paid during the year upon the business or property from which the income taxed is derived, may be deducted from gross income."

Art. 507.5 of the same regulations read:

"Import or tariff duties and business, license, privilege, excise, and stamp taxes, are deductible if incurred in connection with the operation of the taxpayer's trade or business."

Art. 520 of such regulations declares:

"Fees for transferring and registering capital stock are deductible, since such expenses are necessary and related to the production of taxable income."

In the Uniform Classification of Accounts for Electric Utilities prescribed by the railroad commission, effective January 1, 1923, operating expenses are thus defined:

"The term operating expenses, as used in this classification, means such expenses as are necessary to the maintenance of the corporate organization, the rendering of service required or authorized by law. . . ."

Included in this classification is a paragraph on other than miscellaneous general expenses and this includes dividend notices, fees of transfer agents, and registrar of stock.

From all the foregoing, taxpayers contend that a tax upon the privilege of declaring dividends is one upon the corporation and constitutes a duty and necessary expense of doing business. Reliance is had upon the case of *Wisconsin v. J. C. Penney Co.* 311 U. S. 435, 61 Sup. Ct. 246, 85 L. Ed. 267, to the effect that the tax is the return asked for the substantial privilege of carrying on corporate business in Wisconsin, although conditioned upon happenings outside the borders of the state. It is further contended that since the tax wholly depends upon corporate action, it cannot be treated as levied upon the income of shareholders; that it must be paid by the corporation out of earnings otherwise available for distribution.

We are favored with able briefs addressed to the question whether this is a tax upon the corporation, in which case it is assumed that it must be regarded as an expense of doing business deductible from gross income, or whether it is a tax upon the stockholder. We are not at all sure that all of this argument does not (to paraphrase the opinion of the United States supreme court in the *Penney Case, supra*) amount to glossing over the provisions of the statute with commentary and then construing the commentary rather than the text. The real question in this case is: On whom is the actual burden

of this tax laid? This question can have but one answer. The statute specifically puts it upon the stockholder. The corporation is directed to deduct the tax from the dividends, and if it does as it is required to do, it sustains no expense and consequently may not, in any event, deduct the tax from its gross income. It is contended that the foreign stockholder of a foreign corporation has done no business in Wisconsin for which the tax may validly be levied. This contention was foreclosed when the supreme court of the United States sustained the power of Wisconsin to levy this tax. It made its determination with the statute before it—a statute that plainly puts the burden of this tax upon the stockholder and not upon the corporation. So far as Wisconsin's power to reach beyond its borders and to levy the tax is concerned, the United States supreme court has declared that Wisconsin has the right to exact the tax because of protection given to corporate activities in this state resulting in earnings traceable to the dividends declared and benefits to the stockholder who has received a dividend. At this stage of the litigation we are not concerned with the question of the power to tax and we must assume that the power vindicated is the power to levy the very tax that was before the United States supreme court for consideration. That power having been sustained, regardless of what the tax be called or where its burdens may be considered to fall, it is immaterial that the United States supreme court has not merely regarded the privilege features of the tax as unimportant but has to some extent disregarded the corporate entity in view of the real benefits conferred by the state upon the stockholder. We are certain of three things: (1) That the burden of the tax is specifically laid upon the stockholder; (2) that the corporation declaring the dividend must deduct the tax from the dividend and may not under any circumstances treat the tax as a necessary expense of doing business; (3) that the power to levy the tax so construed was

authoritatively established in the *Penney Case, supra.* It follows that appellants' contentions must fail.

*By the Court.*—The orders in each case are affirmed.

BARLOW, J., took no part.