BLIED, Appellant, vs. WISCONSIN FOUNDRY & MACHINE COMPANY, Respondent.

*March 10—June 16, 1943.*

For the appellant there was a brief by *Stroud, Stebbins & Wingert* of Madison, and oral argument by *Mr. Stroud*.

For the respondent there was a brief by *William L. Buenzli,* attorney, and *Thomas, Orr & Isaksen* of counsel, all of Madison, and oral argument by *San W. Orr*.

A brief was also filed by *William Ryan* of Madison, as *amicus curiæ*.

WICKHEM, J. Plaintiff, a Wisconsin resident, was the owner of cumulative preferred stock, issued by defendant. The stock was purchased in 1942 with the provision that there would be paid thereon preferential cumulative dividends at the rate of $5.50 per share during such time as the stock should be outstanding, payable out of net profits or surplus applicable thereto, as and when declared by the directors of the defendant. Respondent's principal place of business is the city of Madison, and its income is wholly derived from profits and business transacted in the state of Wisconsin. In 1942 defendant declared two semiannual dividends, each at the rate of $2.25 per share, payable April 1st and October 1st, respectively. Subsequent to each declaration, defendant deducted from the amount of dividend so declared and payable an amount equal to three per cent thereof, representing the Wisconsin privilege dividend tax imposed by sec. 3, ch. 505, Laws of 1935, as amended. In doing this, defendant relied upon the literal provisions of the statute, and asserted that the privilege dividend tax is against the stockholder in respect of the privilege of receiving dividends.

Plaintiff's contentions are that while the language seems to place the tax on the stockholder it must be ignored in view of the fact, (1) that the corporation alone is made liable for the tax; (2) that the corporation alone is made liable for the

penalty and interest on failure to pay the tax; (3) that no personal liability is imposed upon the stockholder.

It is contended that the United States supreme court in *Wisconsin v. J. C. Penney Co.* 311 U. S. 435, 61 Sup. Ct. 246, 85 L. Ed. 267, construed the tax as one upon corporate earnings, and held that the basis of the tax is the privilege to the corporation of doing business in this state. It is further contended that if construed to be one upon the stockholders, the tax is unconstitutional and void because no privileges were conferred by Wisconsin upon the stockholders who are not residents of the state and have neither done business in the state nor declared the dividends which are taxed.

The contentions in this case are identical with those dealt with in *Wisconsin Gas & Electric Co. v. Department of Taxation; Wisconsin Electric Power Co. v. Department of Taxation; Wisconsin Michigan Power Co. v. Department of Taxation; Milwaukee Electric Railway & Light Co. v. Department of Taxation, ante,* p. 216, 10 N. W. (2d) 140, and the views of the court are sufficiently set forth in the opinion filed in those cases. The decision in *Wisconsin Gas & Electric Co. v. Department of Taxation; Wisconsin Electric Power Co. v. Department of Taxation; Wisconsin Michigan Power Co. v. Department of Taxation; Milwaukee Electric Railway & Light Co. v. Department of Taxation* requires that the judgment in this case be affirmed, since the specific requirements of the statute which we hold to be valid are that the tax be withheld and deducted from the dividend payable to a stockholder.

*By the Court.*—Judgment affirmed.

BARLOW, J., took no part.