## WISCONSIN GAS & ELECTRIC CO. v. UNITED STATES.

### No. 8276.

Circuit Court of Appeals, Seventh Circuit.

Nov. 8, 1943.

Samuel O. Clark, Jr., and Sewall Key, Department of Justice, both of Washington, D. C., J. Louis Monarch and T. Carroll Sizer, Sp. Assts. to Atty. Gen., and Berthold J. Husting, U. S. Atty., and Elsmere J. Koelzer, Asst. U. S. Atty., both of Milwaukee, Wis., for appellant.

James D. Shaw and Van B. Wake, both of Milwaukee, Wis., for appellee.

Before MAJOR and MINTON, Circuit Judges, and LINDLEY, District Judge.

MINTON, Circuit Judge.

The State of Wisconsin has what is called the Privilege Dividend Tax Law. The pertinent provisions thereof we set forth in the margin.[1]

The Wisconsin Gas and Electric Company, the plaintiff-appellee, is a utility corporation whose total business is done in Wisconsin. It is a Wisconsin corporation. In 1935 the plaintiff declared a dividend of $150,000. It distributed $146,250 to its stockholders, and paid 2½% of the dividend declared, or $3,750, to the Tax Department of the State of Wisconsin. The

---

[1] "Section 3. Privilege Dividend Tax. (1) For the privilege of declaring and receiving dividends, out of income derived from property located and business transacted in this state, there is hereby imposed a tax equal to two and one-half per centum of the amount of such dividends declared or paid by all corporations (foreign and local), except those specified in paragraphs (d) and (g) of subsection (1) of Section 71.05 of the statutes, after the passage and publication of this act and prior to July 1, 1937. Such tax shall be deducted and withheld from such dividends payable to residents and nonresidents by the payor corporation.

"(2) Every corporation required to deduct and withhold any tax under this section shall, on or before the last day of the month following the payment of the dividend, make return thereof and pay the tax to the tax commission, reporting such tax on the forms to be prescribed by the tax commission.

"(3) Every such corporation hereby made liable for such tax, shall deduct the amount of such tax from the dividends so declared.

"(4) In the case of corporations doing business within and without the state of Wisconsin, such tax shall apply only to dividends declared and paid out of income derived from business transacted and property located within the state of Wisconsin. The amount of income attributable to this state shall be computed in accordance with the provisions of chapter 71. In the absence of proof to the contrary, such dividends shall be presumed to have been paid out of earnings of such corporation attributable to Wisconsin under the provisions of chapter 71, for the year immediately preceding the payment of such dividend. If a corporation had a loss for the year prior to the payment of the dividend, the tax commission shall upon application, determine the portion of such dividend paid out of corporate surplus and undivided profits derived from business transacted and property located within the state." Laws Wis.1935, c. 505. As amended by Laws 1937, c. 233.

plaintiff deducted this $3,750 as an expense on its Federal income tax return for 1935. The Commissioner disallowed the deduction and assessed a deficiency. The plaintiff paid the assessment and sued to recover what it claimed to be an excessive assessment. The District Court sustained the position of the plaintiff, and gave judgment accordingly. From this judgment, the Government has appealed.

The sole question is whether the plaintiff was entitled to deduct in 1935 under Sec. 23(c) of the Revenue Act of 1934, 26 U.S.C.A. Int.Rev.Acts, page 672, the amounts paid pursuant to the Wisconsin Privilege Dividend Tax Law. The answer to this question depends upon whose burden it is to pay this tax.

The power of Wisconsin to exact such a tax was upheld by the United States Supreme Court in State of Wisconsin v. J. C. Penney Co., 311 U.S. 435, 61 S.Ct. 246, 85 L.Ed. 267, 130 A.L.R. 1229. Since that decision, the Supreme Court of Wisconsin has answered the question as to where this burden rests. In the case of Wisconsin Gas & Electric Company v. Wisconsin Tax Department, 243 Wis. 216, 10 N.W.2d 140, 141, the Wisconsin Gas and Electric Company, the same company that is the plaintiff here, claimed the payment of the Privilege Dividend Tax as a deductible expense against its gross income under the Income Tax Law of Wisconsin, just as it is claiming here the payment of such tax as a deductible expense under the Federal statute. The Supreme Court of Wisconsin denied such claim, saying: "We are certain of three things: (1) that the burden of the tax is specifically laid upon the stockholder; (2) that the corporation declaring the dividend must deduct the tax from the dividend and may not under any circumstances treat the tax as a necessary expense of doing business; (3) that the power to levy the tax so construed was authoritatively established in the Penney case."

On the same day, the Supreme Court of Wisconsin decided Blied v. Wisconsin Foundry & Machine Co., 243 Wis. 221, 10 N.W.2d 142. In that case, a preferred stockholder sued the defendant corporation to recover from it the amount it had withheld from a dividend it had declared, and which amount the corporation had paid over to the State of Wisconsin in literal compliance with Sec. 3, Chap. 505 of the Wisconsin Laws of 1935, as amended. The plaintiff's contention was that while the language seems to place the tax on the stockholder, it must be ignored in view of the fact that the corporation alone is liable for the tax and the penalties if not paid, and there is no personal liability imposed on the stockholder. A demurrer to the complaint was sustained, the complaint dismissed, and from this judgment an appeal to the Wisconsin Supreme Court was taken. On the authority of Wisconsin Gas & Electric Company v. Wisconsin Tax Department, supra, the cause was affirmed.

Thus it will be seen that the Supreme Court of Wisconsin has decided very clearly that the burden of this tax is upon the stockholder and not upon the corporation, and that it was not an expense of the corporation.

■ In determining who is liable for a State tax and who may deduct it as an expense, the Federal courts will follow the decisions of the State courts. Keith v. Johnson, 271 U.S. 1, 8, 46 S.Ct. 415, 70 L. Ed. 795, 44 A.L.R. 1432; Magruder v. Supplee, 316 U.S. 394, 396, 62 S.Ct. 1162, 86 L.Ed. 1555.

■ In the case at bar, the tax is laid against the dividend. If there is no dividend declared, there is no tax. When a dividend is declared, it is the property of the stockholder, and he may sue for it as a debt due him from the corporation. Chesapeake & Delaware Canal Co. v. United States, 250 U.S. 123, 126, 39 S.Ct. 407, 63 L.Ed. 889.

At the time this case was decided by the District Court, the Supreme Court of Wisconsin had not decided Wisconsin Gas & Electric Company v. Wisconsin Tax Department, supra, and Blied v. Wisconsin Foundry & Machine Company, supra. The trial court relied upon State of Wisconsin v. J. C. Penney Co., 311 U.S. 435, 61 S.Ct. 246, 85 L.Ed. 267, 130 A.L.R. 1229. The reasoning of that case would seem to sustain the District Court's position. Power to tax was the only question before the court in the Penney case. Who shall be entitled to enjoy some incidence of the tax payment is our question. In view of the facts that the plaintiff is a Wisconsin corporation and all of its business is done in Wisconsin, and that there is no finding that any of its stockholders are nonresidents of Wisconsin, the factual situation is clearly distinguishable from the Penney case.

■ We think the plaintiff was not entitled to claim the deduction, and that the deficiency was correctly determined.

The judgment of the District Court is reversed.