# WISCONSIN GAS & ELECTRIC CO. *v.* UNITED STATES.

No. 565. Argued March 10, 1944.—Decided May 29, 1944.

*Mr. Van B. Wake* for petitioner.

*Assistant Attorney General Samuel O. Clark, Jr.,* with whom *Solicitor General Fahy,* and *Messrs. Sewall Key, J. Louis Monarch,* and *Ray A. Brown* were on the brief, for the United States.

MR. JUSTICE RUTLEDGE delivered the opinion of the Court.

Wisconsin Gas and Electric Company is a Wisconsin corporation engaged in public utility and associated operations wholly within that State. In 1935 it declared a dividend from its public utility earnings, and in accord-

ance with the requirements of Wisconsin's Privilege Dividend Tax Act (Wisconsin Laws of 1935, c. 505, § 3; c. 552), it paid to the State two and one-half per cent of the amount of dividends thus declared. It now claims this sum, $3,750, as a deduction from its gross income for 1935 for federal income tax purposes.

After the claim was disallowed and a deficiency assessed, the company paid the tax and brought this suit for refund under 28 U. S. C. § 41 (20). The District Court was of the opinion that the decision in *Wisconsin* v. *J. C. Penney Co.*, 311 U. S. 435, required permitting the deduction under § 23 (c) of the Revenue Act of 1934, 48 Stat. 680, 688. It therefore gave judgment for the company. 46 F. Supp. 929. The Circuit Court of Appeals disagreed on this question and, holding the deficiency correctly determined, reversed the judgment. 138 F. 2d 597. We granted certiorari, 321 U. S. 757, because of the claimed conflict with the *Penney* case and the importance of the question in the administration of the revenue laws.

Petitioner's claim for a refund rests on the assertion it was entitled to deduct the Privilege Dividend Tax payments under either § 23 (c) or § 23 (d) of the Revenue Act of 1934, 48 Stat. 680, 688, 689.

Section 23 (c) allows a taxpayer to deduct from gross income "taxes paid or accrued within the taxable year." The relevant Treasury Regulation, which is of long standing,[1] includes among "taxes paid" those imposed by any State, and provides: "In general taxes are deductible only by the person upon whom they are imposed." The question in this branch of the case, therefore, comes down to whether the Privilege Dividend Tax is "imposed" upon the corporation declaring the dividends.

---

[1] Treasury Regulations 86, Art. 23 (c)–(1); cf. Treasury Regulations 65, Art. 131; Treasury Regulations 69, Art. 131; Treasury Regulations 74, Art. 151; Treasury Regulations 77, Art. 151.

Resolution of that question requires examination of the Wisconsin statute and its application and interpretation by the courts of that State. *Keith* v. *Johnson,* 271 U. S. 1; *United States* v. *Kombst,* 286 U. S. 424; *Magruder* v. *Supplee,* 316 U. S. 394. In 1935 the state Act [2] provided:

"(1) For the privilege of declaring and receiving dividends, out of income derived from property located and business transacted in this state, there is hereby imposed a tax equal to two and one-half per centum of the amount of such dividends declared and paid by all corporations (foreign and local) after the passage and publication of this act and prior to July 1, 1937. Such tax shall be deducted and withheld from such dividends payable to residents and nonresidents by the payor corporation.

"(2) Every corporation required to deduct and withhold any tax under this section shall, on or before the last day of the month following the payment of the dividend, make return thereof and pay the tax to the tax commission, reporting such tax on the forms to be prescribed by the tax commission.

"(3) Every such corporation hereby made liable for such tax, shall deduct the amount of such tax from the dividends so declared." [3]

The tax is aimed at corporate earnings "derived from property located and business transacted in" Wisconsin. Doubtless all taxes on corporate earnings are, to a greater or lesser extent, translated into economic burdens upon the shareholder. And not all such taxes can be said, for

---

[2] Wisconsin Laws of 1935, c. 505, § 3 as amended by Wisconsin Laws of 1935, c. 552. The Act was subsequently amended (Wisconsin Laws of 1937, c. 233; c. 309, § 3; Wisconsin Laws of 1939, c. 198; Wisconsin Laws of 1941, c. 63, § 3; Wisconsin Laws of 1943, c. 367, § 2), but the amendments leave the present question unaffected.

[3] The Act is set out in full in *Wisconsin* v. *J. C. Penney Co.,* 311 U. S. 435 at note 1.

that reason, to be "imposed" upon the shareholder. Cf. *Biddle* v. *Commissioner*, 302 U. S. 573. However, here the burden is placed upon him, not derivatively as through an income tax upon the corporation, but directly and exclusively. While corporate earnings are the target of this tax, its specific thrust, according to the Wisconsin Supreme Court, is at their transfer as dividends to the shareholder, rather than at their receipt as income by the corporation. *J. C. Penney Co.* v. *Tax Commission*, 238 Wis. 69, 298 N. W. 186. It is not imposed until dividends are declared. When imposed it is to be deducted and withheld not from earnings received by the corporation, but "from the dividends so declared." The sums thus paid to the State are to be deducted from the fixed dividends owed to the preferred stockholder who cannot recover his loss from the corporation. *Blied* v. *Wisconsin Foundry Co.*, 243 Wis. 221, 10 N. W. 2d 142. And the corporation which seeks to leave the stockholder's dividend whole by absorbing the tax itself receives no credit therefor under those provisions of the Wisconsin income tax law comparable to § 23 (c), because the State "puts the burden of this tax upon the stockholder and not upon the corporation." *Wisconsin Gas Co.* v. *Department of Taxation*, 243 Wis. 216, 10 N. W. 2d 140.

That Wisconsin has made the corporation its tax collector by requiring it to withhold payment of a portion of the dividends and to turn that portion over to the State does not make the tax one "imposed" upon the corporation, at least under § 23 (c) and the relevant Treasury Regulation. Compare *Eliot National Bank* v. *Gill;* 218 F. 600 (C. C. A.); *Porter* v. *United States*, 27 F. 2d 882 (C. C. A.). The fact is that the tax is extracted from fixed dividends owed to the stockholder, not merely from his common interest in corporate earnings. Under Wisconsin decisions the impact of the tax is focused narrowly and

falls independently upon each recipient of the dividend without affecting the tax burden of the corporation or other shareholders. The operation thus disclosed for the tax amply sustains the emphatic declaration of the Wisconsin Supreme Court that it is imposed upon the shareholder, not upon the corporation. This view is complemented by the interpretation of the Bureau of Internal Revenue that the tax payments, although formally made by the corporation, are deductible by the shareholder.[4] We conclude that the Privilege Dividend Tax is not "imposed" upon petitioner and therefore payments of it are not deductible under § 23 (c).

There is of course no question in this case that Wisconsin has the power, under the Federal Constitution, to impose this tax. That question was involved in *Wisconsin v. J. C. Penney Co.*, 311 U. S. 435, where this Court was concerned with dividends declared by a foreign corporation doing a local business in Wisconsin. The decision was that the relationship of the State to the enterprises there shown to have been carried on within its boundaries and under the protection of its police power was such that its taxing power could constitutionally reach earnings derived from those operations, regardless of how the impost was characterized by the State. The State's power to tax earnings of that character is not dependent upon whether the tax is hinged on the receipt of them as corporate income or on the transfer and receipt of them as dividends. Nor does it depend upon whether the tax here involved is "imposed" upon the corporation or upon the stockholder. *International Harvester Co.* v. *Wisconsin Department of Taxation, ante,* p. 435; *Minnesota Mining & Manufacturing Co.* v. *Wisconsin Department of Taxation, ante,* p. 435. In this case, where the earnings of a Wisconsin corporation doing business solely in Wisconsin are the source of the

---

[4] I. T. 3002, XV–2 Cum. Bull. 142–143 (1936).

dividends, the State's power to tax their transfer and impose that tax upon the stockholder cannot be doubted.

Petitioner also urges that if the payments are not deductible from its gross income under § 23 (c), they are deductible under § 23 (d) as "taxes imposed upon a shareholder of the corporation upon his interest as shareholder which are paid by the corporation without reimbursement from the shareholder." [5] The Government responds that the Privilege Dividend Tax is not the kind of tax "upon his interest as shareholder" which § 23 (d) contemplates, and that in any event it is not one which is "paid by the corporation without reimbursement from the shareholder" within the meaning of the section. Since we think the Government is correct in the latter contention, we have no occasion to consider whether this tax is one "upon his interest as shareholder."

The origins of the present § 23 (d) in the Revenue Act of 1921 disclose that its adoption was prompted by the plight of various banking corporations which paid and voluntarily absorbed the burden of certain local taxes imposed upon their shareholders, but were not permitted to deduct those payments from gross income. [6] This history suggests it is the voluntary assumption of the burden of the tax, rather than acting as tax collector and paying it for another on whom the burden falls, which underpins the

---

[5] Section 23 (d) provides: "Taxes of Shareholder Paid by Corporation.—The deduction for taxes allowed by subsection (c) shall be allowed to a corporation in the case of taxes imposed upon a shareholder of the corporation upon his interest as shareholder which are paid by the corporation without reimbursement from the shareholder, but in such cases no deduction shall be allowed the shareholder for the amount of such taxes."

[6] Hearings before Committee on Finance on H. R. 8245, U. S. Senate, 67th Cong., 1st Sess., 250–251. Compare, e. g., *Eliot National Bank* v. *Gill,* 218 F. 600 (C. C. A.); *National Bank of Commerce* v. *Allen,* 223 F. 472 (C. C. A.); *First National Bank* v. *McNeel,* 238 F. 559 (C. C. A.).

deduction. And this is plainly demonstrated by the requirement that to be entitled to the deduction the corporation must not be reimbursed by the shareholder for paying the tax. To pay the tax with sums which have been deducted and withheld from dividends declared and distributed amounts to obtaining the reimbursement which renders the deduction unavailable. Hence petitioner cannot prevail on § 23 (d).

Accordingly, the judgment is

*Affirmed.*

MR. JUSTICE ROBERTS took no part in the consideration or decision of this case.

MR. JUSTICE JACKSON:

Since I think this tax was not one on the corporation (see dissent in *International Harvester Co.* v. *Wisconsin Department of Taxation, ante,* p. 445) I see no basis for the corporation to claim a deduction under § 23 (c) of the Revenue Act of 1934. The tax was on the stockholder, and it was paid by the corporation. The Company would be entitled to deductions under § 23 (d) if it were not reimbursed. The credit given to the corporation against a declared dividend is in my opinion a "reimbursement" of the corporation for payment of the tax if the Wisconsin Taxing Act is valid. Notwithstanding dissenting views on that subject, I consider myself now bound by the conclusion of the Court. Hence I agree that no right to a deduction exists.