CLARENCE L. AND SHIRLEY M. PORTER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Porter v. Commissioner
Docket No. 1829-76.
United States Tax Court
T.C. Memo 1978-391; 1978 Tax Ct. Memo LEXIS 123; 37 T.C.M. (CCH) 1594; T.C.M. (RIA) 78391; September 28, 1978, Filed Robert M. Tyle, for the petitioners. George W. Connelly, Jr., for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case was assigned to and heard by Special Trial Judge Murray H. Falk pursuant to the provisions of section 7456(c) of the Internal Revenue Code[1] and Rules *124 180 and 181, Tax Court Rules of Practice and Procedure.[2] The Court agrees with and adopts his opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE FALK, Special Trial Judge: Respondent determined a deficiency of $ 46.89 in petitioners' 1972 federal income tax. The only issues for decision are: (1) Whether petitioners are, under section 170, entitled to a deduction for charitable contributions in excess of the amount allowed by respondent and (2) whether petitioners are entitled to deduct under section 164(a)(4) sales taxes paid by a contractor on the purchase of materials used to construct petitioners' residence. FINDINGS OF FACT Some of the facts have been stipulated, and those facts are so found. Petitioners filed their joint 1972 federal income tax return with the Internal Revenue Service Center at Andover, *125 Massachusetts. At the time the petition herein was filed, they resided in Addison, New York. Petitioners attended several churches on a regular basis during 1972. They made cash contributions whenever they attended services. Petitioners and their children also contributed cash in connection with other church solicitations and activities, such as the Sunday school. The churches which petitioners attended maintained envelope systems whereby donors were given receipts for their contributions. Petitioners did not utilize any of the envelope systems, however, because they were not members of the churches they attended. In addition to donating money to the churches, petitioners contributed cash to various civic and charitable organizations which solicited donations from door to door. They received no receipts for those contributions, either. Petitioner Clarence L. Porter also contributed to the United Fund through weekly deductions from his payroll checks. Petitioners maintained a calendar on which they made notations regarding, among other things, charitable contributions. Many of the notations appearing on the calendar were recorded by one petitioner or the other as much *126 as several months subsequent to the actual donations. Frequently, Mr. Porter made a notation on the calendar on the basis of what his wife told him and vice-versa. On their joint 1972 federal income tax return, petitioners claimed a charitable contributions deduction under section 170 in the amount of $ 364. Respondent determined that petitioners failed to substantiate more than $ 237 of the claimed contributions. During the tax year in question, petitioners purchased a module-style home which consisted of two twelve-foot wide prefabricated units assembled on a foundation. The seller of the module units installed the home, but petitioners were responsible for building the foundation. Consequently, they executed a contract with a local contractor to build the foundation at a price of $ 2,720 for labor and materials, plus the New York state and local sales taxes paid on the purchase of the building materials. The contractor purchased the materials, paid the sales tax, and was reimbursed by petitioners.During 1972, petitioners paid the contractor a total of $ 2,809.60, of which $ 89.60 represented the sales taxes paid by the contractor for the purchase of materials. Petitioners *127 completed the plumbing and electrical work for the home themselves. On their joint 1972 federal income tax return, petitioners claimed a deduction under section 164 for state and local sales taxes of $ 227.50, which amount was based on the sales tax tables published by the Internal Revenue Service. In addition, they claimed deductions of $ 127.32 and $ 52.43 for sales taxes paid on the purchase of building materials and on the purchase of a snowmobile, respectively. The $ 127.32 for building materials consists of $ 89.60 paid by the contractor for materials needed to build the foundation and $ 32.72 paid by petitioners for plumbing and electrical materials. Respondent disallowed the claimed deductions for sales taxes paid on the purchase of the building materials and the snowmobile, but concedes that petitioners are entitled to a deduction for the sales taxes paid on the purchase of plumbing and electrical materials, because petitioners were the contractors for that work. Petitioners concede that they are not entitled to a deduction for the sales tax paid on the purchase of the snowmobile. OPINION To establish their entitlement to a charitable contribution deduction in excess *128 of the amount allowed by respondent, petitioners rely, almost entirely, upon the notations appearing on the calendar which they maintained for the year in question. [3] The calendar, however, is not entitled to full weight. The notations appearing on it were not made contemporaneously with their contributions and depended upon petitioners' recollections as much as several months later. In addition, entries recorded by Mr. Porter with respect to contributions made by his wife, and vice-versa, were made on the basis of what he or she told the other and were dependent on the other's recollections, as well. Further, such self-serving documentation is not totally reliable. See Berzon v. Commissioner, 63 T.C. 601, 607 (1975), affd. 534 F.2d 528 (2d Cir. 1976); Wunderlich v. Commissioner, T.C. Memo. 1978-139. Petitioners did not *129 obtain receipts or other documentation to substantiate their alleged contributions to the extent that they should have. See sec. 1.170A-1(a)(2)(iii), Income Tax Regs. Still, we are required to make an approximation of the amount of their qualifying charitable contributions in accordance with our best judgment. Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930); see Mennuto v. Commissioner, 56 T.C. 910, 923-924 (1971). All in all, and bearing heavily against petitioners, whose inexactitude is of their own making, we find and therefore hold that they are entitled to an additional charitable contribution deduction in the amount of $ 50. Section 164(a)(4) provides for the deduction of state and local general sales taxes paid during the taxable year. Taxpayers claiming a sales tax deduction based on the sales tax tables published by the Internal Revenue Service may, nevertheless, claim an additional amount for sales taxes paid on the purchase of materials used to build a new home under certain circumstances. See Edmister v. Commissioner, T.C. Memo. 1977-208. As a general rule, state and local sales taxes are deductible only by the *130 person on whom they are imposed. Magruder v. Supplee, 316 U.S. 394 (1942); Wisconsin Gas and Electric Co. v. United States, 322 U.S. 526 (1944). However, section 164(b)(5) provides, in pertinent part: If the amount of any general sales tax * * * is separately stated, then, to the extent that the amount so stated is paid by the consumer (otherwise than in connection with the consumer's trade or business) to his seller, such amount shall be treated as a tax imposed on, and paid by, such consumer. [Emphasis supplied.] Even if the sales tax is separately stated, to be entitled to the deduction under section 164(b)(5), the taxpayer must be the "consumer" under state law. Armentrout v. Commissioner, 43 T.C. 16 (1964). Here, it is clear that petitioners are not considered to be the consumer under New York law and that they are not entitled to deduct the sales tax paid by the contractor for materials needed to build the foundation. New York imposes a combined state and local sales tax of up to seven percent upon the receipts from every retail sale of tangible personal property.N.Y. Tax Law, secs. 1105 *131 and 1210 (McKinney 1975); see Rev. Rul. 76-87, 1976-1 C.B. 49. The tax is imposed upon the vendee and collected by the vendor. See N.Y. Tax Law, sec. 1132 (McKinney 1975). For purposes of the New York sales tax provisions, a sale of any tangible personal property to a contractor for use or consumption in erecting structures or buildings, or building on or otherwise adding to, altering, or improving real property or land is deemed to be a retail sale. N.Y. Tax Law, sec. 1101(b)(4)(i) (McKinney 1975). Furthermore, if tangible personal property which is to become an integral component of such structure, building, or real property is sold by a contractor to a person for whom that contractor is improving or altering real property or land, the sale is not considered a retail sale and is exempt from the New York sales tax. N.Y. Tax Law, sec. 1115(a)(17) (McKinney 1975). As a result, where a contractor purchases building materials in New York, that contractor is considered to be the "consumer" on whom the sales tax is imposed. See Aldrich v. Murphy, 42 App. Div. 2d 385, 348 N.Y.S.2d 384 (App. Div. 1973). *132 Petitioners did not buy building materials; they contracted for and were furnished a foundation. They are not entitled to a deduction under section 164(a)(4) for the $ 89.60 which they paid to the contractor in respect of New York sales taxes paid by the contractor on the building materials which the contractor consumed in building the foundation. * * *
In accordance with the foregoing, Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. Pursuant to the order of assignment, on the authority of the "otherwise provided" language of Rule 182, Tax Court Rules of Practice and Procedure↩, the post-trial procedures set forth in that rule are not applicable to this case.
3. Petitioners' 1972 tax return is also in evidence, but the return is merely a statement of petitioners' claim and does not establish the facts contained therein. Roberts v. Commissioner, 62 T.C. 834 (1974); Seaboard Commercial Corp. v. Commissioner, 28 T.C. 1034↩ (1957).