WILLIAM J. STOKES, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Stokes v. Commissioner
Docket No. 6946-82.
United States Tax Court
T.C. Memo 1985-325; 1985 Tax Ct. Memo LEXIS 308; 50 T.C.M. (CCH) 324; T.C.M. (RIA) 85325; July 2, 1985. William J. Stokes, pro se. Roslyn D. Grand and Julian A. Fortuna, for the respondent. HAMBLEN
MEMORANDUM FINDINGS OF FACT AND OPINION HAMBLEN, Judge: Respondent determined a $379.00 deficiency in petitioner's 1979 Federal income tax. The sole issue for decision is whether petitioner is entitled to deduct sales taxes paid on building materials used in the construction of his personal residence under section 164. [1]
*309 FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. The stipulation and attached exhibits are incorporated herein by this reference. Petitioner resided in Florence, South Carolina, when the petition in this case was filed. On June 7, 1979, petitioner entered into a contract with Webb-Yonce and Company, Inc. ("contractor") for the construction of his personal residence. Petitioner agreed to reimburse the contractor on a cost basis plus a fee of $6,500.00. The contract also provided: 3. * * * Contractor agrees to furnish Owner with an itemized statement of costs and disbursements incurred in the construction thereof. On July 6, 1979, petitioner and his wife, Janice C. Stokes, entered into a construction-permanent loan with South Carolina Federal Savings and Loan Association ("bank") for financing this construction. Later, in an agreement entitled "Construction Loan Agreement" the bank and petitioner further clarified petitioner's obligations, the procedure for disbursement, application of loan proceeds, and limitations on petitioner's rights. This contract provided: 3. * * * The Borrower hereby certifies, should the net proceeds from *310 the loan be insufficient to complete said building(s) in accordance with the plans and specifications, that he has sufficient funds available and will, within thirty days after demand, furnish to the Association [bank] such funds as may be necessary to complete said building(s) * * *. The loan proceeds were disbursed after a bank staff appraiser certified the construction progress and its compliance with the building plans. Usually the bank disbursed loan proceeds directly to the borrower. However, in a letter petitioner authorized the bank to disburse money directly to the contractor.This letter was not produced at the trial. Despite this authorization, petitioner was the responsible party on the loan. The construction loan agreement stated: 6. * * * Any sums disbursed * * * shall be deemed to have been paid and disbursed to Borrower, * * *. The contractor purchased the materials that were used in building petitioner's home. These materials were purchased from the proceeds of petitioner's loan. The amount of sales tax incurred in purchasing these materials was $2,498.84. Petitioner claimed this amount as a deduction on his 1979 Federal income tax return. OPINION
*311 The only issue before us is whether petitioner is entitled to deduct $2,498.84 under section 164 for sales taxes incurred in connection with the construction of his personal residence. Respondent's determination that petitioner may not deduct this amount is presumptively correct, and petitioner bears the burden of proving it to be erroneous. Welch v. Helvering,290 U.S. 111, 115 (1933); Rule 142(a). Section 164(a)(4) allows a deduction for state and local general sales taxes imposed on and paid by a taxpayer within the taxable year. The proper focus of the courts is on the law of the State imposing the liability and its interpretation by the courts of that state. Wisconsin Gas & Electric Co. v. United States,322 U.S. 526 (1944); Armentrout v. Commissioner,43 T.C. 16, 19 (1964). The first step is to determine on whom the South Carolina sales tax was imposed. Wise v. Commissioner,78 T.C. 270, 275 (1982). South Carolina imposes of four percent sales tax upon "every person engaged or continuing within this State in the business of selling at retail any tangible personal property whatsoever, including merchandise *312 and commodities of every kind * * *." S.C. Code Ann. sec. 12-35-510 (Law Co-op 1977). "Sales of building materials to contractors, builders or landowners for resale or use in the form of real estate are retail sales * * *." S.C. Code Ann. sec. 12-35-110. South Carolina clearly designates the contractor's purchases as retail sales and imposes the tax on the seller. Where the sales tax is imposed on the seller but is "separately stated" and paid by the consumer, the sales tax is treated as imposed on the consumer. Sec. 164(b)(5). The imposition of the sales tax on the seller satisfies the prerequisite for application of section 164(b)(5). "In order to prevail under this provision, petitioner[s] must show that [he] paid the sellers in the taxed transactions." Wise v. Commissioner,supra at 275. Here, the contractor paid the sellers. Petitioner, through his bank, paid the contractor. Petitioner seeks to stand in the contractor's shoes by asserting that the contractor acted as his agent. The decision in this case is controlled by Petty v. Commissioner,77 T.C. 482 (1981). The sales tax provision and the factual pattern involved in the *313 instant case are similar to those in Petty. The Court in Petty also addressed the taxpayer's agency contention. In Petty, the taxpayers, husband and wife, were residents of North Carolina, who entered into a contract with a builder to construct their residence. In the construction process, the builder incurred state and local sales taxes which were paid from taxpayers' construction loan. The taxpayers deducted these taxes under section 164. We held that the sales taxes were imposed on the material suppliers and passed on to the builder, who incurred a liability for the sales taxes at the time of purchase. The builder in Petty was not considered an agent of the taxpayers since there was no evidence establishing that any agency relationship existed between them. Thus, the taxpayers were found to be one party removed from the purchase transactions and could not claim the sale tax deduction. Petty v. Commissioner,supra at 489-490. Petitioner seeks to distinguish his case from Petty and contends that the Court in Petty focused on the contractual relationship between the taxpayers and the builder. Petitioner argues that because the *314 taxpayers in Petty had limited both their total costs and potential liability, while retaining no right to control the builder's action, the Court found no agency relationship existed. Petitioner notes that his contract with the contractor was for the total cost without a limit and that the contract contained no longuage limiting his potential liability. Petitioner stresses the fact that he authorized the bank which financed the building to disburse funds to the contractor. Thus, petitioner is claiming an agency relationship existed in his case. The Court in Petty began with the well established doctrine that an agency relationship has two essential elements: (1) The agent's express or implied authority to act for the principal and (2) the principal's right to control the agent's conduct. [2]Petty v. Commissioner,supra at 488. The Court found no reliable evidence to suggest the requisite control. "In addition," the Court found the "limited liability" in the contract to be "a factor that is uncharacteristic of a principal/agent arrangement." Supra at 489. *315 We agree that petitioner's contract was for total cost and that the taxpayers in Petty had limited their total costs. We assume arguendo petitioner's authorization gave the contractor the necessary authority to receive disbursements from the bank. However, petitioner here, as in Petty, presented no evidence showing his right to control the contractor.Therefore, his agency argument must fail. [3]
On the basis of this record, petitioner was not entitled to deduct sales taxes of $2,498.84 incurred in connection with the construction of his personal residence. Respondent's determination is, therefore, sustained. We have considered petitioner's other arguments and find them unpersuasive. To reflect the foregoing, Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the taxable year in issue. All rule references are to the Tax Court Rules of Practice and Procedure.↩
2. We note that South Carolina adopts these same elements as basic to the agency relationship. See Fernander v. Thigpen,278 S.C. 140, 293 S.E.2d 424↩ (1982).
3. See also Underwood v. Commissioner,T.C. Memo. 1983-99, affd. in an unpublished opinion 742 F.2d 1457↩ (6th Cir. 1984).