LEONARD KULICK
*v.*
DEPARTMENT OF REVENUE

SIDNEY KULICK
*v.*
DEPARTMENT OF REVENUE

HOWARD SHIRVAN
*v.*
DEPARTMENT OF REVENUE

STANLEY SHIRVAN
*v.*
DEPARTMENT OF REVENUE

James F. Bodie, Bodie, Minturn, Van Voorhees, Larson & Dixon, Prineville, Oregon, and Herman Simon and Eli Uncyk, Simon, Uncyk & Jacobs, New York City, represented plaintiffs.

James D. Manary, Assistant Attorney General, Salem, represented defendant.

Decision for defendant rendered July 12, 1978.

CARLISLE B. ROBERTS, Judge.

The defendant assessed Oregon personal income taxes, interest and penalties on each plaintiff's pro rata share of the distributed and undistributed taxable income of Timber Investors, Inc., an Oregon corporation, for the tax years 1973, 1974 and 1975. By agreement of the parties, the four cases were consolidated for purposes of briefing and oral argument.

During the years in question, the four plaintiffs were equal shareholders in Timber Investors, Inc., an Oregon corporation which had elected, through its shareholders, to be taxed under the Subchapter S provisions of the federal Internal Revenue Code of 1954. During the years in question, none of the plaintiffs (all of whom are residents of New Jersey) filed Oregon personal income tax returns.

The defendant's Orders Nos. I 77-23, I 77-24, I 77-25, and I 77-26, denying the plaintiffs' petitions for abatement of the taxes, interest and penalties, were issued on July 28, 1977. Plaintiffs appealed to this court pursuant to ORS 314.460 (1975 Replacement Part).

The pertinent statutes are found in ORS 317.320 and ORS 316.127(5), which read:

ORS 317.320 [Oregon Corporation Excise Tax Act]:

"Distributed and undistributed taxable income of an electing small business corporation under section 1373 of the Internal Revenue Code, shall be deductible from gross income under this chapter and net operating losses of such corporation, to the extent attributed or made available to a shareholder, shall not be used by the corporation for further tax benefit."

ORS 316.127(5) [Oregon Personal Income Tax Act]:

"(5) Notwithstanding subsection (3) of this section [relating to income from intangible personal property], the distributed and undistributed taxable income of an electing small business corporation for federal income tax purposes derived from or connected with sources in this state does constitute income derived from sources within this state for a nonresident individual who is a shareholder of such a corporation, and a net operating loss of such corporation derived from or connected with sources in this state does constitute a loss or deduction connected with sources in this state for such a nonresident individual."

The court is required to determine the legal effect of subsection (5) of ORS 316.127. Plaintiffs maintain that the taxes, interest and penalties set out in the defendant's four orders, above described, are not lawfully assessable for the following reasons: (a) Oregon does not have jurisdiction to tax the plaintiffs on the subject income since the plaintiffs were nonresidents of the State of Oregon during the years in question; (b) the tax is invalid as a violation of the privileges and immunities section of the state and federal Constitutions; and (c) the tax is invalid as a violation of the Equal Protection Clauses of the state and federal Constitutions.

The questions presented in this suit have been answered in the court's earlier decision, *O'Neil v. Dept. of Rev.,* 6 OTR 467 (1976). The court continues to rely on *O'Neil.*

Plaintiffs have relied on two arguments: (1) The federal Internal Revenue Code of 1954, § 1373 (including § 1373(b)), provides that, for the purposes of the federal income tax laws, the income of a Subchapter S corporation is to be taxed ratably to the corporation's shareholders as amounts distributed as dividends. Dividends are intangibles which may be taxed only in the state of the recipient's domicile, citing *Curry v. McCanless,* 307 US 357, 59 S Ct 900, 83 L Ed 1339, 31 AFTR 937, 123 ALR 162 (1939). The plaintiffs are domiciled in New Jersey, have no legal interests in Oregon, and the situs of their capital stock in Timber Investors, Inc., is at their domicile, New Jersey. (2) The defendant, by billing the plaintiffs on their dividend income in this instance, relying on the state's statutory classification of the dividends, is arbitrary and acting without regard to the equal protection provision of the Fourteenth Amendment of the U. S. Constitution, citing *Allied Stores of Ohio v. Bowers,* 358 US 522, 79 S Ct 437, 3 L Ed2d 480 (1959).

In their brief, the plaintiffs have studied the treatment of Subchapter S dividends by other states and note that they have "solved the problem" in various ways:

"a) A corporation with non-resident shareholders cannot elect Sub-Chapter 'S' standing, as defined in the state taxing statutes; e.g., Hawaii.

"b) Taxable income of non-residents does not include dividends or distributions from Sub 'S' corporations, as defined in the state taxing statutes; e.g., Maryland; Colorado; and Illinois.

"c) A small business corporation and its shareholders may elect to be taxed as a partnership, as defined in the state taxing statutes, e.g., Minnesota.

"d) A non-resident must agree to pay [taxes on] his proportionate share of the undistributed taxable income of an electing small business corporation in order for the corporation to make a valid election, as defined in the state taxing statutes, e.g., Oklahoma; Kansas; and Georgia.

[ 474 ]

"e) A non-resident must agree to pay [taxes on] his proportionate share of the undistributed taxable income of an electing small business corporation, or in the event that he does not file a return, the paying corporation will be required to withhold a percentage of all dividends distributed to the non-resident and to pay it to the state, e.g., Nebraska; and Mississippi.

"f) Corporation is subject to state tax on that percentage of its taxable income equal to the percentage of its stock owned by non-resident individuals; e.g., Delaware; and Utah." (Footnotes omitted.) (Pl Open Br, 6-7.)

The plaintiffs then conclude that Oregon's statutes represent a case of legislative oversight and that the pertinent statutory sections are unconstitutional and unenforceable.

■ As stated above, almost all of plaintiffs' objections were considered by the court in *O'Neil v. Dept. of Rev., supra,* and the court has found no reason to set that opinion aside. As stated in defendant's answering brief, at 6-7:

"In the present case, plaintiff shareholders of a corporation operating in Oregon elected to be taxed under the Subchapter S provisions of the Internal Revenue Code; Oregon taxed their income earned in Oregon consistent with this election. Subchapter S income and losses in Oregon are passed through the corporation and taxed at the shareholder level. The nonresident shareholder's own election to be treated under the Sub S provisions creates a rational basis for taxing that shareholder in accord with that election. This is particularly true in relation to the tie-in of the Oregon personal income tax with the Internal Revenue Code. The fact that other states have chosen a variety of ways to tax the undistributed and distributed taxable income of Subchapter S corporations and shareholders indicates that these states recognize the unique nature of an electing Sub S corporation and its shareholders."

■ Plaintiffs' discussion of the laws of other states, treating the income taxation of shareholders' benefits from Subchapter S corporations, is instructive but not determinative of the decision herein. Timber

[ 475 ]

Investors, Inc., is a creation of the State of Oregon and the state has the power, through it, to make effective the policies implicit in ORS 317.320 and 316.127(5). Plaintiffs recognize these principles but believe the legislature has blundered in its effort to achieve them. The court does not find this to be true.

■ In *O'Neil v. Dept. of Rev., supra,* at 472, this court quoted *Wisconsin v. J. C. Penney Co.,* 311 US 435, 444, 61 S Ct 246, 249-250, 85 L Ed 267, 270, 130 ALR 1229, 1232-1233 (1940):

> "* * * A state is free to pursue its own fiscal policies, unembarrassed by the Constitution, if by the practical operation of a tax the state has exerted its power in relation to opportunities which it has given, to protection which it has afforded, to benefits which it has conferred by the fact of being an orderly civilized society."

Such is the basis for the well-established maxim that, in taxation, substance generally prevails over form.

The evolution of this concept is illustrated by two U. S. Supreme Court decisions. In *Spector Motor Service v. O'Connor,* 340 US 602, 71 S Ct 508, 95 L Ed 573 (1951), the court held that Connecticut's statute, imposing a tax upon a corporation "for the privilege of carrying on or doing business in the state," a tax measured by net income, was unconstitutional under the Commerce Clause as to solely interstate commerce because the state cannot tax a privilege which is guaranteed by the U. S. Constitution (although the state could directly impose an income tax, allocated to the corporation's activity within the state). Oregon, accordingly, enacted ORS chapter 318 (a corporation income tax), while retaining its ORS chapter 317 (an excise tax for the privilege of doing business in the state, measured by net income). This would not be necessary today. The *Spector* case contained a strong dissent and *Spector* was specifically overruled in *Complete Auto Transit, Inc. v. Brady,* 430 US 274, 97 S Ct 1076, 51 L Ed2d 326, *reh denied,* 430 US 976, 97 S Ct 1669, 52 L Ed2d 371 (1977), a triumph of substance over formalism.

■ Following the substance-over-form concept, this court cannot accept plaintiffs' theory that the language of ORS 317.320 and 316.127(5) must be amended in order lawfully to accomplish the patent legislative intent. The state can enforce its claims against nonresident shareholders through its jurisdiction over Timber Investors, Inc. In most states, collection can be effected directly through the use of reciprocal statutes, akin to ORS 305.610.

The defendant's Orders Nos. I 77-23, I 77-24, I 77-25, and I 77-26 are affirmed.

Defendant is awarded its statutory costs and disbursements.